# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JOSEPH SCHAUFF and PEGGY SCHAUFF,

    Plaintiffs,

    v.                                                                  No. 1:20-CV-590 WJ/JHR

SUSHMA TRIPATHI and LLOYD GLICK,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## STRIKING DEFENDANT GLICK'S "RESPONSE TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND GLICK'S MOTION TO DISMISS" (DOC. 15)

THIS MATTER comes before the Court upon Defendant Glick's self-styled pleading, "Response to Plaintiffs' First Amended Complaint and Glick's Motion to Dismiss," filed September 15, 2020 **(Doc. 15)**.

Beginning in 2010 and for several years thereafter, Plaintiffs were allegedly solicited by Defendants to invest money in companies which Defendants owned and managed—namely, Ostara Technology Co., Inc ("Ostara") and Venturioum, LLC ("Venturioum"). Plaintiffs claim that Defendants misled and defrauded them and as a result, are now suing Defendants for Violations of the Securities Exchange Act of 1934, violations of the unfair practices act, breach of fiduciary duty, and wrongful misrepresentation.

Defendants are not represented by counsel and both appear to have been served. Docs. 13, 14.

The Court will note here that Plaintiffs ("the "Schauffs") have filed a Motion for a More Definite Statement (Doc. 16) regarding Defendant Glick's filing and the Court will address that motion separately. For purposes of this Order, the Court will state that it agrees with Plaintiffs'

appraisal of Glick's pleading in that it is unintelligible, and will add that is it also disorganized, scattered and largely incomprehensible. For this reason, it makes little sense to wait for Defendant Glick to respond to Plaintiffs' motion for a more definite statement, only to have Glick submit even more of the same caliber of filing.  Instead, the Court hereby STRIKES Glick's pleading (Doc. 15), advising Defendant of the deficiencies in his pleading and allow him to start afresh—provided of course, that he follows the Court's rulings in the future.  The Court's reasons are as follows:

(1) Glick's pleading appears to be several things at once—part responsive pleading; part motion to dismiss; and part Answer.  For example, what Glick refers to as "Responses to Counts" all loosely refer to allegations in the Complaint. On page 4 for example, these "Responses" claim errors in the addresses given in the Amended Complaint for Ostara and Venturioum.  Such statements are more like the statements a defendant would give in an Answer than in a responsive pleading or in a motion seeking dismissal. On the other hand, at page 20 in the pleading, Glick inserts two very short paragraphs purporting to be what the Court assumes to be stabs at arguments based on the statute of limitations and personal jurisdiction—such are statements one would expect to find in a motion to dismiss. Still others are completely nonsensical – whether construed as an Answer or a motion to dismiss.  For example, on page 5, Glick states:

> Response to Count 13: Lloyd Glick does not reside in a strip mall located at 872 S. Milwaukee Ave., Libertyville, NJ 50048, nor could he if he chose to, because it is filled with retail tenants such as Panera Bread and The Exercise CoachResponse to Count 14: Glick did not found Ostara, NM or Ostara, DE. There were no Directors of Ostara, NM.

Doc. 15 at 5, ¶13.  However, the Amended Complaint contains only six counts, and allegation 13 states only that "Defendant Lloyd Glick ("*Glick*") is a resident of New Jersey"—with no mention of a strip mall or retail tenants anywhere to be found;

(2) Glick's pleading would also be stricken because it seeks relief on several matters for adjudication in a single document, in violation of this court's Administrative Order 92-88 filed on May 4, 1992;

(3) The pleading mentions that Defendant Tripathi is not receiving filings from Clerk of Court.  As a result, Tripathi believes "she is no longer a Defendant in this matter before the Court" and claims that the Clerk of Court has not been following proper procedure. Doc. 15 at 1, ¶1, ¶¶4-6. The Court makes two observations here. First, the docket in this case shows that Tripathi has not filed any pleadings and no address at all listed for Defendant Tripathi, and thus far there is no address to which filings could be sent.  Second, Glick cannot speak for Tripathi and can represent only himself and the Court has already warned him to refrain from doing so. *See* Doc. 12 at 7 (" . . . Glick is admonished that while he is permitted to represent himself before this Court, he is not to make arguments on behalf of another party) (citing *Adams ex rel. D.J.W. v. Astrue*, 659 F.3d 1297, 1300 (10th Cir. 2011)).  Further representations made by Glick about Tripathi will be stricken by the Court.

The Court wishes to make it very clear to Defendant Glick that his self-styled Document 15 **will not be construed by the Court as an Answer, a Motion to Dismiss or any sort of responsive pleading because it is hereby STRICKEN.** Short of trying to obtain legal representation for himself in this matter, Glick is advised to become familiar with the Federal Rules of Civil Procedure and this Court's local rules before making subsequent filings, and giving some thought to the kind of document he is submitting to the Court before filing it.  *See U.S. v. Melot*, 2011 WL 5520302, *2 n.1 (D.N.M. 2011) (Herrera, J.) (noting "[a]n Answer is considered a 'responsive pleading,' whereas a Motion to Dismiss is a filing made in lieu of an Answer, and it must be filed prior to making a responsive pleading rather than in the same document.").

Parties who proceed *pro se* are afforded some latitude and held to a less stringent standard of pleading than formal pleadings drafted by lawyers. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Even so, the Tenth Circuit requires all litigants, including those who are not represented by counsel, to comply with the Federal Rules of Civil Procedure. *See Nielsen v. Price*, 17 F.3d 1276 (10th Cir. 1994) (explaining that the Tenth Circuit has "has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants") (internal quotation marks and citation omitted).

The foregoing should provide Defendant with enough constructive and cautionary guidance to allow him to proceed *pro se* in this case. His *pro se* status will not be tolerated by the Court as an excuse for failing to adhere to this Court's rules; nor will the Court look kindly upon any filings that unnecessarily clutter the docket. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 50, (recognizing court's inherent power to impose a variety of sanctions to regulate its docket, promote judicial efficiency and deter frivolous filings); *Jones v. Bank of Santa Fe* (In re Courtesy Inns, Ltd.), 40 F.3d 1084, 1089 (10th Cir.1994).

**ACCORDINGLY, DEFENDANT GLICK'S "Response to Plaintiffs' First Amended Complaint and Glick's Motion to Dismiss" (Doc. 15) is hereby STRICKEN.**

**IT IS SO ORDERED.**

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE