IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSEPH SCHAUFF and PEGGY SCHAUFF,

    Plaintiffs,

v.                                                No. 1:20-CV-590 WJ/JHR

SUSHMA TRIPATHI and LLOYD GLICK,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Defendant Glick's Motion to Dismiss, filed January 12, 2021 **(Doc. 29).** Plaintiffs are suing Defendant for allegedly misleading them regarding financial investments. Both Defendants are proceeding *pro se*.

In this motion, Mr. Glick ("Defendant") seeks dismissal of this lawsuit because Plaintiffs "have failed to respond to Defendant's Response to Plaintiff's Response of October 22, 2020, which was entered into the records by the Clerk on November 19, 2020." Doc. 29 at 1. Defendant refers to his previous Motion to Dismiss which was filed on October 8, 2020, and which is pending before the Court for ruling ("first motion to dismiss"). Plaintiffs filed a timely response to the first motion to dismiss on October 22, 2020 (Doc. 23) and Defendant filed a reply on November 2020 (Doc. 24). For some reason, Mr. Glick believes Plaintiffs are required to file yet another pleading in "response" to his reply (which Mr. Glick characterizes as a "Response"—that is, a surreply. Under this Court's local rules, the filing of a surreply requires leave of Court (*see* D.N.M.LR-Civ.7.4(b)), and so Plaintiffs were not required to file anything more than a response—which they did. *See also* D.N.M.LR-Civ.7.1, 7.3 (motions practice under local rules).

The Court recognizes that Defendant may not be familiar with federal motions practice because he is *pro se*, but that status does not excuse his obligation to comply with the fundamental requirements of the Federal Rules of Civil Procedure and this Court's local rules. *See Erickson v. Pardas*, 551 U.S. 89, 94 (2007); *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (pro se parties must comply with the same procedural rules that govern all other litigants).

Because Plaintiffs were not required to file a surreply to Mr. Glick's motion to dismiss, there is no basis to Defendant's request to dismiss this lawsuit, and thus the motion is DENIED.

**IT IS SO ORDERED**.

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE