# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JOSEPH SCHAUFF and PEGGY SCHAUFF,

    Plaintiffs,

    v.                                                    No. 1:20-CV-590 WJ/JHR

SUSHMA TRIPATHI and LLOYD GLICK,

    Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING PLAINTIFFS' MOTION FOR REIMBURSEMENT OF COSTS FOR SERVICE OF PROCESS AND FEES UNDER RULE 4(d)(2)(A)

THIS MATTER comes before the Court upon Plaintiffs' Motion for Costs and Attorney Fees, filed October 2, 2020 **(Doc. 19)**. Plaintiffs are suing Defendants Glick and Tripathi for allegedly misleading them regarding financial investments. Both Defendants are proceeding *pro se*.

## BACKGROUND

Under Rule 4(d) of the Federal Rules of Civil Procedure, an individual subject to service under the federal rules "has a duty to avoid unnecessary expenses of serving the summons. The intent of this rule is to eliminate the costs of formal service of process while ensuring that a defendant obtains notice of the suit and "to foster cooperation among adversaries and counsel." *Day v. Iomega Corp.*, 182 F.3d 931 (10th Cir. 1999) (citing Fed.R.Civ.P. 4 advisory committee notes, 1993 Amendments to Subdivision (d)).

Plaintiffs provided both Defendants with courtesy copies of the complaint by email and on July 27, 2020 requested from both individuals a waiver of service of summons and complaint by first-class mail pursuant to Rule 4(d). Neither Defendant responded to the request. On August

26, 2020, Plaintiffs formally served a summons on Defendant Glick via process server (Doc. 13) and incurred costs of $250.00 (Ex. A). On September 9, 2020, Plaintiffs also served a summons on Defendant Tripathi via process server (Doc. 14) and incurred costs of $270.00 (Ex. B). Both Defendants were formally served within the ninety-day deadline under Rule 4(m).

Plaintiffs seek reimbursement of costs for service under Fed.R.Civ.P.4(d), which states that:

> If a defendant located within the United States "fails, **without good cause**, to sign and return a waiver requested by a plaintiff located within the United States, the court **must impose on the defendant**:
>
> (A) the **expenses later incurred in making service**; and
> (B) the reasonable expenses**, including attorney's fees, of any motion** required to collect those service expenses.

Fed.R.Civ.P.4(d)(2)(A) (emphasis added).

The Court grants Plaintiffs' motion for reimbursement of costs for service and fees because Defendants have not shown good cause not to do so. The "good cause" necessary for refusing to waive formal service of process will be rare. *See* Rule 4(d) Adv.Comm. Note (1993). *See, e.g., Cho v. JS Autoworld 1 Ltd,* 97 F.Supp. 3d 351, 359 (E.D.N.Y. 2015) ("good cause" test not satisfied by belief that claim is unmeritorious or unjust). A claim of non-receipt of the waiver request or of failure to invoke the waiver procedure might satisfy the "good cause" test. *See Wooten v. BNSF Ry. Co.,* 387 F.Supp. 3d 1078, 1117 (D.Mont. 2019) (appeal pending); *Owens v. Benton,* 190 Fed.Appx. 762, 764 (11th Cir. 2006) (no expenses when unclear that correct parties had been served with waiver forms). However, such a claim would fail here where it is clear that Defendants had notice of the lawsuit and had received the waiver forms which Plaintiff sent by first-class mail.

Neither Defendant has responded to Plaintiffs' motion, which is itself grounds for granting the motion under this Court's local rules. *See* D.N.M.LR-Civ. 7.1(b) ("The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion"). Nor can the Court construe any of the pleadings filed by these *pro se* Defendants as "good cause" for failing to accept service. Rather than accepting service, Glick filed a self-styled "Response to Rule 4 Notice of Plaintiffs' Request to Waive Service of Summons; and Defendants' Complaint Against Plaintiffs for Federal Rules of Civil Procedure" (Doc. 11) ("Response to Rule 4 Notice"). The Court construed this as Glick's reply brief in support of his motion to dismiss—which the Court denied on several grounds. *See* Doc. 12 at 1, n.1. Defendant Tripathi ("Tripathi") also did not respond to the waiver request and did not enter an appearance in this lawsuit, although she co-signed the "Response to Rule 4 Notice."[1]

In addition to service costs, Plaintiffs are entitled to reasonable attorney fees for formal service and for bringing this motion pursuant to rule 4(d)(2)(B). Plaintiffs state that they have incurred attorney fees in the amount of $680 for effectuating formal service on Defendants and in preparing this motion, broken down as follows:

- Aaron Spillane, paralegal for SaucedoChavez, PC, spent two (2) hours at a rate of ninety dollars ($90) per hour to procure process servers in New Jersey and Connecticut and provide the process servers with the necessary documentation and instruction; and

---

[1] The Court gave Tripathi the chance to advise the Court whether she intended for her co-signature on the "Response to Rule 4 Notice" to constitute her answer to the summons and complaint, but she never responded directly to the Court's inquiry. Doc. 33 at 1-2. Instead, Tripathi argued that she had not been properly served and accused Plaintiff's counsel of fraudulent service, Doc. 27, but Plaintiffs submitted clear evidence to the contrary, Doc. 32. The Court not only rejected Tripathi's claims of non-service, but found it likely that Tripathi had tried to evade service and that her claims of counsel's fraudulent service were baseless. Doc. 33 at 6. Based on Tripathi's unsubstantiated allegations and the evidence submitted by Plaintiffs, the Court recently entered default judgment against Defendant Tripathi. Doc. 34.

- Christopher T. Saucedo, attorney for Plaintiffs and shareholder with SaucedoChavez, PC, spent two (2) hours at a rate of two hundred fifty dollars ($250) per hour to prepare this motion for costs and fees.

Thus, Plaintiffs incurred six hundred eighty dollars ($680) in fees recoverable pursuant to rule 4(d)(2)(B). Equally distributed between each defendant, Plaintiffs incurred fees of three hundred forty ($340) against both Defendant Glick and Defendant Tripathi.  The $680 in attorneys fees is extremely reasonable and the Court so finds.

Under the plain language on Rule 4(d)(2)(A), Defendants' failure to accept service without good cause requires the Court to impose on Defendants the expenses later incurred in making service, which the Court finds to be proper.  *See* Docs. 13, 14 & 33.

**THEREFORE,**

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Costs and Attorney Fees **(Doc. 19)** is hereby GRANTED for reasons described in this Memorandum Opinion and Order in that

(1) The Court imposes on Defendant Glick an amount of **$590.00 ($250.00 in incurred costs for service and $340.00 in fees for preparation of the instant motion)** to be paid to Plaintiffs; and

(2) The Court imposes on Defendant Tripathi costs for service and fees in the amount of **$610.00 ($270.00 for service costs and $340.00 in fees)** to be paid to Plaintiffs.

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE

#