IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH SCHAUFF and PEGGY SCHAUFF,

    Plaintiffs,

v.                                              No. 1:20-CV-590 WJ/JHR

SUSHMA TRIPATHI and LLOYD GLICK,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT ON LIABILITY
and
DEFERRING RULING ON DAMAGES**

THIS MATTER comes before the Court upon Plaintiffs' Motion for Default Judgment Against Defendant Sushma Tripathi, filed August 18, 2021 **(Doc. 38)**. Plaintiffs seek a Default Judgment against Defendant Sushma Tripathi ("Tripathi"), because of her failure to defend her interests in this case. Having reviewed the parties' pleadings and the applicable law, the Court grants Plaintiffs' motion with regard to liability but defers ruling on an amount of damages and attorney fees until a hearing is held at a later time.

**BACKGROUND**

Plaintiffs are suing Defendants, who are both proceeding *pro se*, for allegedly misleading them regarding financial investments. They assert that Defendant Sushma Tripathi ("Tripathi") along with her co-defendant, Lloyd Glick, violated the Securities Exchange Act, negligently misrepresented their business dealings, breached their fiduciary duties as majority shareholders, committed breach of contract and the implied covenant of good faith and fair dealing, violated the New Mexico Uniform Securities Act, and violated the New Mexico Unfair Trade Practices Act.

Rule 55 of the Federal Rules of Civil Procedure sets out a two-step process for a party seeking a default judgment. First, a party must obtain the clerk's entry of default against the opposing party. The clerk will issue an entry of default when the moving party shows the Court through an affidavit or otherwise that the opposing party "has failed to plead or otherwise defend." Fed.R.Civ.P. 55(a). Second, the party must move the Court to enter a default judgment. Fed.R.Civ.P. 55(b). The trial court is given broad discretion in deciding whether to enter a default judgment. *See Grandbouche v. Clancy*, 825 F.2d 1463, 1468 (10th Cir. 1987).

**I.    Liability**

On January 25, 2021, a Clerk's Entry of Default was entered against Tripathi. Doc. 34. Prior to the entry of default, the Court entered Orders to Show Cause (Doc. 26, 28) to determine whether Tripathi intended for a certain pleading (Doc. 11) to serve as an Answer and whether there was any merit to her claim that she had not been served.[1] Based on Tripathi's response to the Court's orders (Doc. 27), the Court found that Tripathi had indeed been served and that she failed to indicate whether she had ever filed an Answer in any form.  The Court ordered that an entry of default be entered against her.  Doc. 33.

Once a defendant is found to be in default, a court must take as true "all factual allegations in the complaint, except those pertaining to the amount of damages." *Archer v. Eiland*, 64 F. App'x 676, 679 (10th Cir. 2003).  The Court must therefore accept Plaintiffs' allegations set forth in their complaint and finds that those allegations provide sufficient grounds for entry of default judgment on liability under Rule 55.

**II.    Damages**

---

[1] Document 11 was self-styled as a "Response to Rule 4 Notice of Plaintiffs' Request to Waive Service of Summons; and Defendants' Complaint Against Plaintiffs for Federal Rules of Civil Procedure 11 Violations."  The pleading was co-signed by Defendants Glick and Tripathi and claimed, *inter alia*, that Tripathi had never been served.

Plaintiffs seek the following categories of damages against Tripathi:

| | |
|---|---|
| Disgorgement: | $160,000.00 |
| Costs and Fees for Service: | $1,200.00 |
| Attorney Fees: | $17,917.00 |
| Total Judgment: | $179,117.00 |

A court may set an evidentiary hearing to determine the amount of damages if such amount is not "for a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(2); *see Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir. 1983) (a court may not enter a default judgment without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation). To be a "sum certain" there must be no doubt as to the amount that must be awarded. *Franchise Holding II, LLC. v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 928–29 (9th Cir.2004). Thus, "a court may enter a default judgment without a hearing only if the amount claimed is a liquidated sum or one capable of mathematical calculation." *Hunt v. Inter–Globe Energy, Inc.*, 770 F.2d 145, 148 (10th Cir.1985).

A.    Relief Sought in Complaint

In the complaint's prayer for relief, Plaintiffs ask the Court to enter a judgment ordering Defendants to: *disgorge* all fees, commissions, items of remuneration, and expenses paid by or out of Plaintiffs' assets, awarding them actual, special and punitive damages as well as pre-and post-judgment interest. Doc. 1 at 24. This category of damages does not constitute a "sum certain" and therefore a hearing will be necessary to determine whether the requested $160,000.00 is supported by evidence.

A hearing will be necessary in order to determine damages for another reason as well. Plaintiffs have alleged that Tripathi is jointly and severally liable for any recovery Plaintiffs are entitled to, and so any damages award would have to take into consideration any award imposed against Tripathi's co-defendant Lloyd Glick.[2] *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145 (10th Cir. 1985) (consistent verdict determinations are essential among joint tortfeasors, consistent damage awards on the same claim are essential among joint and several tortfeasors). Because damages have not yet been awarded as to Defendant Glick, the Court would expect any hearing to determine damages would consider evidence presented against both Defendants.

B. <u>Cost and Fees for Service</u>

The Court has already granted Plaintiffs' request for cost and fees for service, finding that Plaintiffs are entitled to those sums:

> (1) The Court imposes on Defendant Glick an amount of **$590.00 ($250.00 in incurred costs for service and $340.00 in fees for preparation of the instant motion)** to be paid to Plaintiffs; and
>
> (2) The Court imposes on Defendant Tripathi costs for service and fees in the amount of **$610.00 ($270.00 for service costs and $340.00 in fees)** to be paid to Plaintiffs.

Doc. 35 at 4.

C. <u>Attorney Fees</u>

Plaintiffs request $17,917.00 for attorney fees, presenting an Affidavit listing the hourly rate and time spent on this matter by the senior associate for the "SaucedoChavez, P.C." law firm, the paralegal and law clerks. Doc. 38-1.

The Tenth Circuit requires that a court hold a hearing in order to determine the amount of reasonable attorneys' fees. *H.B. Hunt v. Inter–Globe Energy, Inc.*, 770 F.2d 145, 148 (10th

---

[2] The Court recently denied Plaintiffs' motion for default judgment without prejudice as to Tripathi's co-defendant, Lloyd Glick because of Plaintiffs' failure to first seek a Clerk's entry of default under Rule 55(a). See Doc. 40.

Cir.1985). However, "a live evidentiary hearing is not always required, and the hearing requirement can be satisfied by the submission of affidavits or other proper documentary evidence if doing so will create a record sufficient for the court to decide the matters before it." *Malluk v. Berkeley Highlands Prods., LLC*, No. 19-CV-01489-CMA, 2020 WL 1033339, at *2 (D. Colo. Mar. 3, 2020). Since a hearing will need to be held on damages for "disgorgement," the Court will defer ruling on the appropriateness of the requested fee amount until that time.

**THEREFORE,**

**IT IS ORDERED** that Plaintiffs' Motion for Default Judgment Against Defendant Sushma Tripathi **(Doc. 38)** is hereby GRANTED WITH RESPECT TO LIABILITY; and DEFERRED WITH RESPECT TO DAMAGES AND ATTORNEY FEES until such time as a hearing is held.

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE