IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH SCHAUFF and PEGGY SCHAUFF,

    Plaintiffs,

    v.                                                       No. 1:20-CV-590 WJ/JHR

SUSHMA TRIPATHI and LLOYD GLICK,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**SETTING ASIDE COURT'S DEFAULT JUDGMENT AGAINST DEFENDANT**
**TRIPATHI (DOC. 42)**
**and**
**ALLOWING DEFENDANT TRIPATHI 60 DAYS IN WHICH TO OBTAIN LEGAL**
**REPRESENTATION**

THIS MATTER comes before the Court *sua sponte*. In this lawsuit, Plaintiffs are suing Defendants, who are both proceeding *pro se*, for allegedly misleading them regarding financial investments.

On August 17, 2021, the Court denied Plaintiffs' motion for default judgment as to Defendant Glick (Doc. 37) and granted Glick's request to allow him time to obtain counsel, allowing him a period of **sixty days** in which to do so. (Doc. 41).[1]

On September 3, 2021, the Court granted Plaintiffs' motion for default judgment as to Defendant Tripathi. Doc. 42. However, the Court now revisits that Order and finds that the default judgment against Defendant Tripathi should be set aside. *See Been v. O.K. Indus.*, 495 F.3d 1217, 1225 (10th Cir. 2007) (a federal district court is free to revisit its interlocutory orders

---

[1] In the Order allowing Glick's request for additional time, the Court noted that the request would be considered solely with respect to Defendant Glick and not Defendant Tripathi, as one defendant could not represent the other. *See* Doc. 41 at 2.

at any time before entry of judgment); *Miller v. Madison*, 2013 WL 2181240, at *2 (N.D.N.Y. May 20, 2013) (court has authority to vacate default judgment for good cause); *Hunt v. Ford Motor Co.*, No. 94-3054, 1995 WL 523646, at *3 (10th Cir. Aug. 29, 1995) (setting out factors for good cause).

Tripathi had filed a Response to Plaintiffs' motion for default judgment on September 2, 2021, but the Court did not see this Response because the Clerk's office received and filed-stamped the pleading on September 2nd, but did not actually file it on the docket until September 7, 2021 (*see* electronic filing receipt), which was four days *after* the Court entered default judgment against Tripathi.  *See* Doc. 43.  Thus, the Court entered default judgment against Tripathi without the benefit of Tripathi's Response.  Accordingly, the Court entered the default judgment prematurely and without the benefit of reading Tripathi's Response.

In her Response, Tripathi mainly argues the merits of her case, but she also requests an extension of time in which to find legal representation. *Id.* at 1 ("grant me an extension of time to find an attorney at law in New Mexico whom I can afford in order that I may file a proper answer to Plaintiffs' Motion for Summary Judgment"). The Court has allowed Defendant Glick an extension of time in which to find legal representation, and so the Court will allow Defendant Tripathi the same, and for the same period of time which is **sixty (60) days from the entry of this Order.**

**THEREFORE, the Court:**

(1) sets aside its Memorandum Opinion and Order Granting Plaintiffs' Motion for Default Judgment as to Defendant Tripathi **(Doc. 42)**; and

(2) hereby allows Defendant Tripathi a period of **sixty (60) days from the day this Order is entered** in which to obtain legal representation to defend her in this lawsuit.

3

The Court's objective is to allow both Defendants to obtain legal representation in order to move this case along more efficiently, and not for the purpose of delaying its resolution. The complaint in this case was filed on June 19, 2020—well over a year ago—and Defendants should have come to the realization long before that they should seek legal representation. **Thus, the Court is not inclined to further extend the time to obtain legal representation longer than 60 days and so both Defendants are advised that they should work diligently to find counsel within the time deadlines established by the Court.**

IT IS SO ORDERED.

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE