IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSEPH SCHAUFF
and PEGGY SCHAUFF,

    Plaintiffs,

v.                                                Civ. No. 1:20-cv-00590 MIS/JHR

SUSHAMA TRIPATHI[1]
and LLOYD GLICK,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiffs' Motion for Default Judgment Against Defendants Tripathi and Glick. ECF No. 57. Defendants are proceeding pro se. Defendant Glick filed nothing in response to Plaintiffs' Motion, which was filed 85 days ago. Defendant Tripathi filed a "Petition Under Rule 60(b) of Federal Rules of Civil Procedure" and a "Notice." ECF Nos. 58, 60. Having considered the parties' submissions, the record, and the relevant law, the Court will GRANT the Motion and set a hearing to determine damages. Prior to the hearing, Plaintiffs shall file a memorandum explaining the underlying legal theory of each Count in the Amended Complaint and the law supporting the type and amount of damages they seek.

---

[1] Defendant Tripathi's first name is spelled "Sushama" in the Original Complaint and in entries filed by Defendant Tripathi herself. *See, e.g.*, ECF Nos. 1, 60. The Amended Complaint spells her name "Sushma." ECF No. 3. Since the caption has not been amended by court order, and since "Sushama" appears to be the correct spelling of Defendant Tripathi's first name, the Court continues to use "Sushama," as in the Original Complaint.

**BACKGROUND**

This case arises out of a securities investment transaction. *See generally* ECF No. 3 (Amended Complaint). Beginning in 2010 and for several years thereafter, Plaintiffs were allegedly solicited by Defendants Tripathi and Glick to invest money in companies which Defendants owned and managed—namely, Ostara Technology Co., Inc. and Venturioum, LLC. The essence of the Amended Complaint is that Tripathi and Glick liquidated the assets of both companies, transferring valuable corporate assets to themselves, which was not authorized by the governing corporate documents or applicable law. Plaintiffs claim that Defendants misled and defrauded them regarding financial investments and are suing Defendants for Violations of the Securities Exchange Act (Count I), Negligent Misrepresentation (Count II), Breach of Fiduciary Duty (Count III), Breach of Contract and the Implied Covenant of Good Faith and Fair Dealing (Count IV), Violation of the New Mexico Uniform Securities Act (Count V), and Violation of the New Mexico Unfair Trade Practices Act (Count VI). *Id.* at 14–31. Defendants are not represented by counsel, both have been served, and neither has filed a proper responsive pleading in compliance with the Federal Rules of Civil Procedure, notwithstanding being granted multiple extensions. *See, e.g.*, ECF Nos. 13, 14, 33, 55, 56.

**LEGAL STANDARD**

The Federal Rules of Civil Procedure define a two-step process for the entry of default judgment. First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Second, the plaintiff must request an entry of default judgment. Fed. R. Civ. P. 55(b). If the plaintiff's claim is for "a sum certain or a sum that can be made

certain by computation" and the defendant is neither a minor nor incompetent, default judgment may be entered by the clerk. Fed. R. Civ. P. 55(b)(1). In all other instances, default judgment must be entered by the court. Fed. R. Civ. P. 55(b)(2).

At this second stage, following the clerk's entry of default, the court takes as true "all factual allegations in the complaint, except those pertaining to the amount of damages." *Archer v. Eiland*, 64 F. App'x 676, 679 (10th Cir. 2003); *see also* Fed R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). The court may conduct a hearing to determine the amount of damages. Fed. R. Civ. P. 55(b)(2)(B). However, the court may enter default judgment without a hearing "if the amount claimed is a liquidated sum or one capable of mathematical calculation." *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 148 (10th Cir. 1985).

## DISCUSSION

This action has been pending in the District of New Mexico since June 19, 2020. ECF No. 1. Defendants are proceeding pro se and have failed to file a responsive pleading. Plaintiffs' Motion for Default Judgment is properly before the Court. However, before addressing Plaintiffs' Motion, the Court will consider Defendant Tripathi's filings.

1. **Defendant Tripathi's "Petition Under Rule 60(b) of Federal Rules of Civil Procedure"**

Defendant Tripathi's Petition Under Rule 60(b), ECF No. 58, is improper. As Plaintiffs rightly point out, *see* ECF No. 59 at 1 n.1, Rule 60(b) provides a way for a party to seek relief from a final judgment. Fed. R. Civ. P. 60(b). In this case, no such final judgment has yet been entered. Therefore, Defendant Tripathi's Petition will be denied.

Moreover, to the extent that Defendant Tripathi's Petition can be construed as a response to Plaintiffs' Motion for Default Judgment, it merely attempts to relitigate her assertion that she has not been served. *See generally* ECF Nos. 58, 33, 27. The Court has reviewed Chief Judge Johnson's Order Finding Service Against Defendant Tripathi to Be Effective, ECF No. 33, and the relevant filings on the matter, *see, e.g.*, ECF Nos. 27, 28. The Court agrees with Judge Johnson's analysis finding that service was effective as to Defendant Tripathi. *See* ECF No. 33. The Court incorporates his findings and analysis by reference here. Therefore, to the extent the Petition can be construed as a response to Plaintiffs' Motion for Default Judgment, its arguments are rejected.[2]

### 2. Defendant Tripathi's "Notice"

Defendant Tripathi's Notice appears to be an attempt to obtain discovery from Plaintiffs, in advance of an anticipated hearing on damages. *See* ECF No. 60. The Notice cites Fed. R. Civ. P. 36 and 26(b)(1) and goes on to enumerate "Request[s] to Admit." *Id.* Rule 26(b)(1) discusses the general scope of discovery in civil cases, and Rule 36 describes the process of serving and obtaining Requests for Admission from the opposing party. Both of these Rules apply to discovery in civil cases. However, discovery in this case never commenced because Defendants failed to file a responsive pleading. *See* Fed. R. Civ. P. 8, 10, 12, 55. Discovery does not begin until the parties have met and

---

[2] Furthermore, to the extent the Petition can be construed as an interlocutory motion to reconsider Chief Judge Johnson's Order Finding Service Against Defendant Tripathi to Be Effective, ECF No. 33, it also fails. Under Rule 54(b), the Court is "generally . . . free to reconsider [its] earlier interlocutory orders." *Been v. O.K. Indus.*, 495 F.3d 1217, 1225 (10th Cir. 2007). This power is not subject to any particular standard or framework. *See XTO Energy, Inc. v. ATD, LLC*, 189 F. Supp. 3d 1174, 1190 (D.N.M. 2016) (reviewing case law). Orders "short of a final decree" may be reopened at the district judge's discretion. *Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005). Here, as stated above, the Court incorporates Judge Johnson's analysis finding that service was effective as to Defendant Tripathi. *See* ECF No. 33. Therefore, to the extent Defendant Tripathi's Petition can be construed as an interlocutory motion to reconsider Judge Johnson's prior order, ECF No. 33, its arguments are rejected.

conferred under Rule 26(f) and the court issues a scheduling order pursuant to Rule 16. Therefore, Plaintiffs are under no obligation to respond to Defendant Tripathi's Notice and Requests for Admission.[3]

### 3. The Court Will Grant Default Judgment Against Both Defendants on Liability

Plaintiffs filed the present action in federal court on June 19, 2020, and amended their complaint on July 1, 2020, alleging six counts against Defendants Glick and Tripathi. ECF Nos. 1, 3. Plaintiffs' Motion requests default judgment against both. ECF No. 57.

Defendant Glick, proceeding pro se, filed a Motion to Dismiss on July 24, 2020, which Judge Johnson denied. ECF Nos. 4, 12. Defendant Glick then filed a "Response." ECF No. 15. Judge Johnson liberally construed the pro se pleading but ultimately ordered it stricken from the record because it could not be construed as an answer. ECF No. 17. Defendant Glick filed two additional Motions to Dismiss, which Judge Johnson also denied on January 12 and 14, 2021. ECF Nos. 22, 29, 30, 31. Thereafter, Defendant Glick filed no responsive pleading, and on August 17, 2021, Plaintiffs moved for default judgment. ECF No. 37. On August 19, 2021, Defendant Glick moved for more time to file a responsive pleading, which Judge Johnson granted, allowing him an additional 60 days to obtain legal counsel. ECF Nos. 39, 41. Defendant Glick filed nothing further until Plaintiffs again moved for an entry of default on October 26, 2021; then Glick requested more time to file a responsive pleading. ECF Nos. 47, 48. On November 4, 2021, this case was reassigned to this Court. ECF No. 49. The Court granted Defendant Glick's request for more time and allowed him 21 additional days to obtain legal representation.

---

[3] The Court will sua sponte order that ECF No. 60 be sealed because it contains personal information of non-parties.

ECF No. 51. At present, no counsel has entered an appearance on behalf of Defendant Glick, and he has filed no responsive pleading.

As for Defendant Tripathi, when she had filed no responsive pleading, Judge Johnson entered an Order to Show Cause as to why default should not be entered against her. ECF No. 26. Tripathi responded to the Order, alleging that she had never been served. ECF No. 27. Judge Johnson considered her response, and that of Plaintiffs (ECF No. 32), and found that Tripathi had indeed been served and that she failed to indicate whether she had ever filed an answer[4] in any form. ECF No. 33. He then ordered an entry of default be entered against her. *Id.* A Clerk's Entry of Default against Defendant Tripathi was entered on January 25, 2021. ECF No. 34. Judge Johnson granted default judgment as to Defendant Tripathi but, on September 21, 2021, set aside the default judgment for good cause and allowed Tripathi an additional 60 days to obtain legal representation. ECF Nos. 42, 45. At present, no counsel has entered an appearance on behalf of Defendant Tripathi, and she has filed no responsive pleading.

Clerk's Entries of Default have properly been entered against each Defendant, and Plaintiffs' Motion for Default Judgment is pending. ECF Nos. 55, 56, 57. Each Defendant has been served. ECF Nos. 13, 14, 33. Neither Defendant has filed a responsive pleading in compliance with the Federal Rules, despite multiple extensions. Therefore, under Rule 55, the Court accepts Plaintiffs' allegations set forth in their Amended Complaint and

---

[4] ECF No. 11 was self-styled as a "Response to Rule 4 Notice of Plaintiffs' Request to Waive Service of Summons; and Defendants' Complaint Against Plaintiffs for Federal Rules of Civil Procedure 11 Violations." The pleading was co-signed by Defendants Glick and Tripathi and claimed, *inter alia*, that Tripathi had never been served. After giving Defendant Tripathi a chance to respond, Judge Johnson did not construe ECF No. 11 as a responsive pleading. *See* ECF No. 33.

finds that those allegations provide sufficient grounds for entry of default judgment on liability. *See Archer*, 64 F. App'x at 679.

As to damages, the Court adopts Judge Johnson's analysis in his prior Memorandum Opinion and Order Granting Default Judgment. ECF No. 42. The total amount of damages cannot be determined in this case without a hearing. Therefore, the Court will set a hearing to determine damages, fees, and costs.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Default Judgment Against Defendants Tripathi and Glick, ECF No. 57, is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Tripathi's "Petition Under Rule 60(b) of Federal Rules of Civil Procedure," ECF No. 58, be **SEALED**, and is **DENIED**.

**IT IS FURTHER ORDERED** that a hearing on damages is hereby set for **April 20, 2022**, at 9:30 a.m. MDT, in the Guadalupe Courtroom, United States Courthouse, 100 N. Church Street, Las Cruces, New Mexico.

No later than **April 6, 2022**, Plaintiffs shall file a memorandum explaining the underlying legal theory of each Count in the Amended Complaint and the law supporting the type and amount of damages they seek.

Defendants may each file **one** brief statement of the facts and law supporting any arguments they have regarding the **type** or **amount** of damages to be awarded. Defendants' filings must be limited to **5 pages**; the Court will not consider any information beyond **5 pages**.

**IT IS SO ORDERED.**

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE