IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSEPH SCHAUFF
and PEGGY SCHAUFF,

    Plaintiffs,

v.                                                                                   Civ. No. 1:20-cv-00590 MIS/JHR

SUSHAMA TRIPATHI[1]
and LLOYD GLICK,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Defendant Glick's Motion to Set Aside Default and for Leave to Answer, filed on April 14, 2022. ECF No. 65. No response is needed to rule on the Motion. Having considered the Motion, the record, and the relevant law, the Court will DENY the Motion.

## LEGAL STANDARD

Plaintiff's Motion implicates the Court's power to reconsider interlocutory, rather than final, orders. The Federal Rules of Civil Procedure provide in relevant part:

> [A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

---

[1] Defendant Tripathi's first name is spelled "Sushama" in the Original Complaint and in entries filed by Defendant Tripathi herself. *See, e.g.*, ECF Nos. 1, 60. The Amended Complaint spells her name "Sushma." ECF No. 3. Since the caption has not been amended by court order, and since "Sushama" appears to be the correct spelling of Defendant Tripathi's first name, the Court continues to use "Sushama," as in the Original Complaint.

Fed. R. Civ. P. 54(b). To that end, "district courts generally remain free to reconsider their earlier interlocutory orders." *Been v. O.K. Indus.*, 495 F.3d 1217, 1225 (10th Cir. 2007). This power is not subject to any particular standard or framework. *See XTO Energy, Inc. v. ATD, LLC*, 189 F. Supp. 3d 1174, 1190 (D.N.M. 2016) (reviewing case law). Orders "short of a final decree" may be reopened at the district judge's discretion. *Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983)).

## DISCUSSION

Because no final default judgment has been entered in this case, the Court will construe Defendant Glick's Motion as seeking reconsideration under Rule 54(b).[2] The lengthy procedural wandering of this case is worth reiterating here.[3] Plaintiffs filed the present action in federal court on June 19, 2020, and amended their complaint on July 1, 2020. ECF Nos. 1, 3. Defendant Glick, proceeding pro se, filed a Motion to Dismiss on July 24, 2020, which Judge Johnson denied. ECF Nos. 4, 12. Defendant Glick then filed a "Response." ECF No. 15. Judge Johnson liberally construed the pro se pleading but ultimately ordered it stricken from the record because it could not be construed as an answer. ECF No. 17. Defendant Glick filed two additional Motions to Dismiss, which Judge Johnson also denied on January 12 and 14, 2021. ECF Nos. 22, 29, 30, 31.

---

[2] In this case, the Court granted Plaintiffs' Motion for Default Judgment, ECF No. 57, as to liability only. ECF No. 61. A hearing is set to determine damages. *See id.* Therefore, the more stringent standard for setting aside a final default judgment under Rule 60(b) does not apply.

[3] The Court discussed similar details in its analysis granting default judgment on liability. *See* ECF No. 61.

When 215 days passed with no answer filed from Defendant Glick, Plaintiffs moved for default on August 17, 2021. ECF No. 37. Two days later, on August 19, 2021, Defendant Glick moved for more time to file a responsive pleading, which Judge Johnson granted, allowing him an additional 60 days to obtain legal counsel. ECF Nos. 39, 41. When 62 days had passed with no answer filed from Defendant Glick, Plaintiffs again moved for default on October 26, 2021. ECF No. 47. Three days later, Defendant Glick again requested an extension. ECF No. 48. On November 17, 2021, this Court granted Defendant Glick's request for additional time and allowed him 21 days to obtain legal counsel. ECF No. 51. When 33 days passed with no answer filed from Defendant Glick, Plaintiffs again moved for default on December 20, 2021. ECF No. 52. The Court granted default judgment as to liability on March 23, 2022. ECF No. 61. Twenty-two days later, Defendant Glick filed his Motion to Set Aside Default and for Leave to File an Answer. ECF No. 65.

In his Motion, Defendant Glick provides reasons that he was unable to obtain counsel or respond within the time allowed. He also attached a proposed answer as an exhibit. *See* ECF No. 65 at 9–25. Such is his first attempt in *455 days* to file a responsive pleading after his Motion to Dismiss was denied on January 14, 2021. ECF No. 31. Waiting 455 days, and until *after* the Court has granted default judgment on liability, is unfortunately too long. The Court granted Plaintiffs' Motion for Default Judgment on liability after conducting the proper Rule 55 analysis. The Court will not reconsider that decision. ECF No. 61.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant Glick's Motion to Set Aside Default and for Leave to Answer, ECF No. 65, is **DENIED**.

**IT IS SO ORDERED.**

*[signature: Margaret Strickland]*

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE