IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSEPH SCHAUFF
and PEGGY SCHAUFF,

    Plaintiffs,

v.                                                Civ. No. 1:20-cv-00590 MIS/JHR

SUSHAMA TRIPATHI[1]
and LLOYD GLICK,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiffs' Motion for Default Judgment and the evidentiary damages hearing held on April 20, 2022. *See* ECF Nos. 57, 71. The Court granted default judgment as to liability and set a hearing to determine damages. ECF No. 61. Plaintiff Joseph Schauff ("Plaintiff") was present at the hearing and testified as to the amount of damages. Defendants are proceeding pro se. Defendant Tripathi attended the hearing and presented argument but did not testify. Defendant Glick did not appear. Having considered the parties' submissions, the argument and evidence presented at the hearing, the record, and the relevant law, the Court will award damages as outlined herein.

---

[1] Defendant Tripathi's first name is spelled "Sushama" in the Original Complaint and in entries filed by Defendant Tripathi herself. *See, e.g.*, ECF Nos. 1, 60. The Amended Complaint spells her name "Sushma." ECF No. 3. Since the caption has not been amended by court order, and since "Sushama" appears to be the correct spelling of Defendant Tripathi's first name, the Court continues to use "Sushama," as in the Original Complaint.

## DISCUSSION

On March 23, 2022, the Court granted default judgment as to liability and set an evidentiary hearing to determine damages. ECF No. 61. The Court incorporates that earlier Memorandum Opinion and Order by reference here.

When default judgment is granted, the court takes as true "all factual allegations in the complaint, *except those pertaining to the amount of damages*." *Archer v. Eiland*, 64 F. App'x 676, 679 (10th Cir. 2003) (emphasis added); *see also* Fed R. Civ. P. 8(b)(6) ("An allegation—*other than one relating to the amount of damages*—is admitted if a responsive pleading is required and the allegation is not denied.") (emphasis added). Therefore, the specific amounts alleged in the Amended Complaint were not deemed admitted when Defendants defaulted in this case, and the Court must look to the evidence provided at the hearing to determine the amount of damages to award.

"New Mexico does not allow duplication of damages or double recovery for injuries received." *Hale v. Basin Motor Co.*, 795 P.2d 1006, 1012 (N.M. 1990). Therefore, the Court will not assess damages under each Count alleged in the Amended Complaint where an award would be duplicative.

**1. Actual Damages**

In action brought under Rule 10(b) of the Securities Exchange Act, the measure of damages is "the difference between the fair value of all that the [plaintiff] received and the fair value of what he would have received had there been no fraudulent conduct." *Affiliated Ute Citizens of Utah v. United States*, 406 U.S. 128, 155 (1972). At the hearing, Plaintiff

testified[2] that the company he invested in had 9 million outstanding shares, and he purchased 323,000 of them, which provided him with a 3.58% ownership interest in the company. He further testified that he transferred 80,000 shares to his children. This testimony was not challenged. Therefore, the Court finds that he owned 243,000 shares, or a 2.7% ownership interest after the transfers to his children.

Plaintiff further testified that the company sold 1 million of its shares for $4,230,000, and that he received only $20,000, which was not the correct amount based on his ownership interest. The simple math here reveals that Plaintiff should have received $114,210, or 2.7% of $4,230,000. The difference between what he should have received ($114,210) and what he did receive ($20,000) is $94,210. Therefore, the Court will award $94,210 in actual damages.

## 2. Prejudgment Interest

New Mexico law provides that "[i]nterest shall be allowed on judgments . . . and shall be calculated at the rate of eight and three-fourths percent per year, unless . . . the judgment is based on tortious conduct, bad faith or intentional or willful acts, in which case interest shall be computed at the rate of fifteen percent." N.M. Stat. § 56-8-4. Given the tortious nature of the conduct deemed admitted in the Amended Complaint, the Court finds that 15% prejudgment interest is the correct rate to apply. Therefore, the Court finds that an award of $26,482.04 in prejudgment interest is appropriate.

---

[2] Plaintiff's testimony was the only evidence provided to support damages. While the Court acknowledges that such is not the best evidence to support an award of damages, Plaintiff was unable to conduct discovery in this case due to Defendants' default. Moreover, the Court finds his testimony was credible. Therefore, the Court finds that his testimony was sufficient to establish damages in this case.

### 3. Attorney Fees

The New Mexico Unfair Trade Practices Act provides that "[t]he court shall award attorney fees and costs to the party complaining of an unfair or deceptive trade practice or unconscionable trade practice if the party prevails." N.M. Stat. § 57-12-10(C). Plaintiffs' counsel submitted an affidavit (claiming $37,572 in fees and costs) detailing the rates and hours worked for two attorneys, one paralegal, and law clerks who worked on this matter. ECF No. 70. The Court finds that $37,572 in attorney fees and costs is a reasonable amount given the time spent litigating this case at a reasonable hourly rate of no more than $250.

### 4. Punitive Damages

The New Mexico Unfair Trade Practices Act provides that "[w]here the trier of fact finds that the party charged with an unfair or deceptive trade practice or an unconscionable trade practice has willfully engaged in the trade practice, the court *may* award up to three times actual damages." N.M. Stat. § 57-12-10(B) (emphasis added). The Court reiterates that when it granted default as to liability, ECF No. 61, it accepted all factual allegations in the Amended Complaint as true, *except allegations relating to the amount of damages. See* Fed R. Civ. P. 8(b)(6); Archer, 64 F. App'x at 679. At the evidentiary hearing, Plaintiff provided no documentation to support his requested damages award. The Court has relied solely on Plaintiff's testimony to grant compensatory damages, despite this being a type of case where documentation should exist. Plaintiff gave no testimony regarding Defendants' conduct to support an award of punitive damages. Therefore, the Court will not assess punitive damages in this case.

## CONCLUSION

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion for Default Judgment, ECF No. 57, is **GRANTED** as to liability and damages.

**IT IS FURTHER ORDERED THAT** Plaintiffs shall have judgment against Defendants for damages of $94,210.00, plus prejudgment interest of $26,482.04, as well as costs and attorney fees of $37,572.00, for a total judgment amount of $158,264.04. This amount is in addition to the attorney fees and costs Chief Judge Johnson ordered Defendants to pay. *See* ECF No. 35.

A Rule 58 Judgement shall issue contemporaneously with this Memorandum Opinion and Order.

**IT IS SO ORDERED.**

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE